In the Matter of HERSCHEL L. REINGOLD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 31, 1992

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso* for petitioner.

*Ungar, Gerstman & Pomerance (Louis Gerstman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice in 1965 and maintains

an office for the practice of law in Buffalo. He is charged by the Grievance Committee of the Eighth Judicial District with various violations of the Disciplinary Rules of the Code of Professional Responsibility, specifically DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice in failing to cooperate with an investigation of charges filed with the Eighth Judicial District Grievance Committee; DR 6-101 (A) (3), neglecting a legal matter entrusted to him; DR 7-101 (A) (2), failing to carry out a contract of employment entered into with a client for professional services; DR 7-101 (A) (3), prejudicing or damaging a client during the course of the professional relationship.

Respondent was retained to represent clients in defense of an action for payment of a hospital bill brought by Children's Hospital and to commence an action on behalf of the same clients against Blue Cross of Western New York, Inc. (Blue Cross). Respondent failed to answer the complaint of Children's Hospital and a default judgment was entered against his clients. After the expiration of the time limitations for bringing the action, respondent commenced an action against Blue Cross. Thereafter, without notifying his clients, respondent stipulated to the discontinuance of that action on the merits.

In another matter, respondent was retained and commenced an action involving real property in which his client was interested. Respondent neglected to prepare and serve a bill of particulars or to comply with discovery demands after receipt of conditional orders of preclusion, thus resulting in dismissal of his client's complaint.

After the receipt of complaints in September 1990 from respondent's clients in these matters, counsel for the Committee communicated with respondent seeking a response to the complaints (22 NYCRR 1022.19 [e] [1] [i]). This request, and numerous others over several months, were substantially ignored. Respondent, in his answer, generally admits the material allegations in the petition.

We find that respondent is guilty of professional misconduct as charged in the petition.

We have considered the mitigating circumstances advanced

by respondent, including his previously unblemished record, and we determine that he should be suspended for a period of one year and until the further order of this court.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of suspension entered.